UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA HURD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN INCOME LIFE INSURANCE, ELENA ALTINSKY, RACHEL VALDEZ, and DOES 1 to 100, inclusive<br><br>　　　　　Defendants. | CV-13-05205 RSWL-MRW<br><br>**ORDER re: Plaintiff's Motion for Order Remanding Case to State Court** [7] |

Currently before the Court is Plaintiff Debra Hurd's ("Plaintiff") Motion for Order Remanding Case to State Court [7]. The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **DENIES** Plaintiff's Motion for Order Remanding Case to State Court.

**I. BACKGROUND**

This Action stems from a dispute between Plaintiff and Defendants American Income Life Insurance Company

1

("Defendant AIL"), Alina Latinsky ("Defendant Latinsky"), and Rachelle Valdez ("Defendant Valdez") (collectively, "Defendants").

Plaintiff is a citizen and resident of the state of California. Compl. ¶ 1. Defendant AIL is a corporation organized and existing under the laws of Indiana, with its principal place of business in Texas. Notice of Removal ¶ 9. Defendant Valdez was employed by Defendant AIL as a director and was Plaintiff's supervisor (Compl. ¶ 4), and is a resident and citizen of the state of Utah. Notice of Removal ¶ 10. Defendant Latinsky was employed by Defendant AIL as a manager and was Plaintiff's supervisor (Compl. ¶ 3), and is a citizen and resident of the state of California. Notice of Removal ¶ 12.

Plaintiff was employed by Defendant AIL for more than six years, from March of 2005 to January 31, 2012, in public relations. Compl. ¶ 10. Plaintiff's direct supervisors were Defendant Latinsky and Defendant Valdez. Id. In July 2011, Plaintiff injured her back on the job after driving somewhere on business and then lifting a heavy box. Id. at ¶ 11. When Plaintiff texted Defendant Latinsky that she needed leave, Defendant Latinsky responded that Plaintiff was not to text her. Id. at ¶ 12. Plaintiff also alleges that Defendant Latinsky never once asked her how she was doing. Id. Plaintiff was put on disability leave from July 2011 to October 2011. Id. Her leave was then

2

extended through January 2012. <u>Id.</u> Plaintiff alleges that while she was on leave, her managers told her co-workers that they did not believe that Plaintiff was really sick or needed medical leave. <u>Id.</u> at ¶ 13. Plaintiff further alleges that Defendant Latinsky would call Plaintiff during dinner and demand to know the status of her medical leave and paperwork. <u>Id.</u> at ¶ 14.

While Plaintiff was on disability leave for her back problem, Plaintiff was diagnosed with breast cancer, but she did not immediately inform Defendants because her leave had already been extended. <u>Id.</u> at ¶ 15. On January 18, 2012, Plaintiff told her director, Defendant Valdez, that she had cancer. <u>Id.</u> Plaintiff alleges that Defendant Valdez's only comment was "Wow." <u>Id.</u> Plaintiff then requested additional leave to care for her medical condition. <u>Id.</u> On January 31, 2012, Defendants sent Plaintiff a letter informing her that her employment was terminated because Defendants could not hold her position open, and other people had taken over her duties. <u>Id.</u> at ¶ 16. Plaintiff believes that Defendants' true reason for terminating her employment was her disability, her medical condition, and her need for leave. <u>Id.</u> at ¶ 17.

Plaintiff initiated the present Action in the Superior Court of California, Los Angeles County against Defendants. Plaintiff asserts claims against Defendant AIL for (1) discrimination on the basis of

disability and/or medical condition in violation of the Fair Employment and Housing Act ("FEHA"); (2) retaliation for complaining of discrimination on the basis of disability and/or medical condition in violation of FEHA; (3) failure to accommodate disability and/or medical condition; (4) failure to engage in the interactive process; (5) wrongful termination of employment in violation of public policy; (6) retaliation for taking leave under the California Family Rights Act ("CFRA"); and (7) harassment on the basis of physical disability and/or medical condition.  Plaintiff also asserts a claim for harassment on the basis of physical disability and/or medical condition against both Defendant Latinsky and Defendant Valdez.

On July 18, 2013, Defendant AIL filed a Notice of Removal from the Superior Court to this Court [1].  On August 9, 2013, Plaintiff filed the present Motion to Remand this Action to Los Angeles Superior Court [7].

## II.  LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.  District courts have

diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Section 1446(b) governs the timing of removal. If the case stated by the initial pleading is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)). If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b).

The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. See Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The removal statute is construed against removal jurisdiction, and federal jurisdiction

1  must be rejected if there is any doubt as to the right
2  of removal in the first instance.  See Shamrock Oil &
3  Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)
4  (stating that removal statutes should be construed
5  narrowly in favor of remand to protect jurisdiction of
6  state courts).

## III. ANALYSIS

### A.  Fraudulent Joinder

9   Defendant AIL claims that this Court has subject
10 matter jurisdiction on the basis of diversity.  28
11 U.S.C. § 1332(a).  Defendant AIL acknowledges that both
12 Plaintiff and Defendant Latinsky are citizens of
13 California and are thus not diverse.  However,
14 Defendant AIL claims that Defendant Latinsky's
15 citizenship should be disregarded because she was
16 fraudulently joined.  Notice of Removal ¶ 12.

17  "Fraudulent joinder is a term of art.  If the
18 plaintiff fails to state a cause of action against a
19 resident defendant, and the failure is obvious
20 according to the settled rules of the state, the
21 joinder of the resident defendant is fraudulent."
22 McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th
23 Cir. 1987).  The fraudulent joinder doctrine requires
24 courts to disregard the citizenship of defendants when
25 no viable cause of action has been stated against them,
26 or when evidence presented by the removing party shows
27 that there is no factual basis for the claims alleged
28 against the defendants.  See Morris v. Princess

Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[T]he defendant must demonstrate that *there is no possibility* that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (emphasis added). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)).

In determining whether a defendant was joined fraudulently, the courts must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). Furthermore, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand."

Archuleta v. Am. Airlines, Inc., No. CV 00-1286 MMM (SHX), 2000 WL 656808, *4 (C.D. Cal. May 12, 2000).

Here, the Court finds that Defendant Latinsky is a fraudulent defendant because Plaintiff has not alleged conduct falling within the definition of "harassment" under the FEHA.

Under the FEHA, "harassment" includes:

> (a) verbal harassment, e.g. epithets, derogatory comments or slurs on a basis enumerated in the Act;
>
> (b) physical harassment, e.g. assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the Act, [or]
>
> (c) visual forms of harassment, e.g. derogatory posters, cartoons, or drawings on a basis enumerated in the Act.

Cal. Code Regs. Tit. 2 § 7287.6, subd. (b)(1).

Here, Plaintiff's only allegations of harassment against Defendant Latinsky are: (1) when Plaintiff texted Defendant Latinsky that she needed leave, Defendant Latinsky responded that Plaintiff was not to text her, (2) Defendant Latinsky never once asked Plaintiff how she was doing, and (3) that Defendant Latinsky would call Plaintiff during dinner and demand to know the status of her medical leave and paperwork. Compl. ¶¶ 12-13. Plaintiff's Complaint is devoid of

1  any verbal, physical, or verbal harassment.  In <u>Meraz</u>
2  <u>v. Jo-Ann Stores, Inc.</u>, the court granted a defendant's
3  motion for summary judgment because plaintiff did not
4  allege snide comments, physical confrontation,
5  isolating conduct, or other actions outside the scope
6  of necessary personnel management actions.  No. CV
7  03-2914 GAF, 2004 WL 882458, at *19 (C.D. Cal. April 2,
8  2004).  Similar to <u>Meraz</u>, here, there are no
9  allegations of snide comments, epithets, derogatory
10 comments, slurs, physical confrontation, or isolating
11 conduct.  Rather, Plaintiff's allegations establish
12 that Defendant Latinsky, as Plaintiff's supervisor,
13 inquired about matters of Plaintiff's employment over
14 the telephone and expressed a preference that Plaintiff
15 not communicate about such matters over text message.
16 As such, Plaintiff's actions do not rise to the level
17 of harassment as defined under the FEHA.
18      Accordingly, because Defendant Latinsky's conduct
19 does not rise to "harassment" as defined under FEHA,
20 the Court finds there is no possibility that the
21 plaintiff will be able to establish a cause of action
22 in State court against Defendant Latinsky. <u>See</u>
23 <u>Prudential</u>, 5 F. Supp. 2d at 807.
24      Even if this Court were to find that Plaintiff has
25 alleged conduct falling within the definition of
26 "harassment" under FEHA, the Court would still find
27 that such harassment is not actionable under California
28 law.  Generally, to establish a claim for harassment,

9

Plaintiff must prove unwelcome conduct based on disability that is "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." Haley v. Cohen & Steers Capital Management, Inc., 871 F. Supp. 2d 944, 956 (N.D. Cal. 2012) (citing Cal. Gov. Code § 12940(j)(1)). Furthermore, the prohibition of harassment "forbids only behavior so objectively offensive as to . . . create a hostile or abusive work environment." Id. (citing Lyle v. Warner Bros. Tel. Prods., 38 Cal. 4th 264, 282-32 (2006)).

In determining what constitutes "sufficiently pervasive" harassment, courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial; rather, the plaintiff must show a concerted pattern of harassment of a repeated routine of a generalized nature. Morrow v. City of Oakland, No. C 11-02351 LB, 2012 WL 2133755, at *18 (citing Etter v. Veriflo Corp., 67 Cal. App. 4th 457, 465 (1998)).

Whether an environment is hostile or abusive can be determined "only by looking at all the circumstances [including] the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Haley, 871 F. Supp. 2d at 956 (citing Lyle, 38 Cal. 4th at 283).

Here, Plaintiff only alleges that Defendant

1  Latinsky told Plaintiff not to text her about her
2  medical leave, and that Defendant Latinsky would call
3  Plaintiff during dinner and demand to know the status
4  of her medical leave and paperwork.  However, these two
5  isolated events do not fall within the realm of
6  "sufficiently pervasive" harassment.  See Mokler v.
7  City of Orange, 157 Cal. App. 4th 121, 141 (2007)
8  (holding three offensive encounters involving no
9  physical threats over a five-week period not "severe or
10 pervasive" as a matter of law); see also Etter, 67 Cal.
11 App. 4th at 467 (holding "severe or pervasive conduct
12 requires more than 'occasional, isolated, sporadic, or
13 trivial' acts").  Even if Defendant Latinsky's behavior
14 is construed as rude or inappropriate, such behavior
15 would still not be actionable under FEHA.  See Mokler,
16 157 Cal. App. 4th at 145 (finding that the offensive
17 encounters, although they were rude, inappropriate, and
18 offensive, are not actionable because they were
19 insufficient to constitute a hostile working
20 environment).  Because Plaintiff has failed to show a
21 concerted pattern of harassment of a repeated routine
22 of a generalized nature (see Morrow, 2012 WL 2133755,
23 at *18), Plaintiff cannot state a cause of action
24 against Defendant Latinsky.
25      Moreover, Defendant Latinsky's behavior is not
26 objectively abusive so as to create a hostile working
27 environment.  Again, Defendant Latinsky only told
28 Plaintiff not to text her about medical leave and also

called her with regard to the status of her medical leave and paperwork. Such statements were infrequent and were not physically threatening or humiliating. See Haley, 871 F. Supp. 2d at 956. Even resolving all doubts concerning the sufficiency of the cause of action in favor of remand, the Court finds that the Complaint is devoid of facts to support how Defendant Latinsky's statements conveyed a hostile message to Plaintiff. Rather, it appears that Defendant Latinsky, as Plaintiff's supervisor, was following up with the status of Plaintiff's medical leave and paperwork.

In short, the isolated incidents of purported harassment relied on by Plaintiff fail to suggest a workplace "permeated with [disability-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment." See Haley, 871 F. Supp. 2d at 958 (N.D. Cal. 2012).

Accordingly, the Court disregards the sham party, Defendant Latinsky, for purposes of determining whether diversity jurisdiction exists. Morris, 236 F.3d at 1067. Because Plaintiff is a resident of California, Defendant Valdez is a resident of Utah, and Defendant AIL is a corporation organized under the laws of Indiana with its headquarters in Texas, the Court hereby finds that complete diversity exists.

**B.** **Amount in Controversy**

1  In cases such as this, where a plaintiff's state
2 court complaint does not specify a particular amount of
3 damages, the removing party must prove, by a
4 preponderance of the evidence, that the amount in
5 controversy meets the jurisdictional amount. Matheson
6 v. Progressive Specialty Ins., 319 F.3d 1089, 1090 (9th
7 Cir. 2003). This burden requires a showing that it is
8 "more likely than not" that the amount in controversy
9 exceeds the jurisdictional minimum. Sanchez v.
10 Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.
11 1996). Under this inquiry, courts should consider
12 "facts presented in the removal petition as well as any
13 'summary judgment type evidence relevant to the amount
14 in controversy at the time of removal.'" Matheson, 319
15 F.3d at 1090. Therefore, without an amount in damages
16 specifically declared in the plaintiff's complaint, the
17 amount in controversy is an estimate of the amount that
18 will be put at issue in the course of the litigation.
19 Lewis v. Verizon Commc'n, Inc., 627 F.3d 395, 400 (9th
20 Cir. 2010). Moreover, the jurisdictional minimum can
21 be satisfied by claims for general and special damages,
22 punitive damages and attorneys' fees. Simmons v. PCR
23 Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal.
24 2002). In measuring the amount in controversy, a court
25 must assume that the allegations of the complaint are
26 true and that a jury will return a verdict for the
27 plaintiff on all claims made in the complaint. Kenneth
28 Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.

Supp. 2d 993, 1001 (C.D. Cal. 2002).

Furthermore, the removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and thus does not require the defendant to do extensive research or prove the plaintiff's damages. *Ray v. Wells Fargo Bank, N.A.*, CV 11-01477 AHM (JCx), 2011 U.S. Dist. LEXIS 53155, at *16 (C.D. Cal. May 9, 2011). Rather, a removing defendant can satisfy this burden by producing a declaration or affidavit that potential damages could exceed the jurisdictional amount. *Id.* at *16 (citing *Lewis v. Verizon*, 627 F.3d 395, 397 (9th Cir. 2010)).

Here, Defendant AIL has proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Specifically, Defendant AIL puts forth evidence that Plaintiff's claimed lost earnings alone nearly meet the jurisdictional minimum. Crosby Decl. ¶ 8. Defendant AIL argues that Plaintiff's annual salary at the time of termination was $35,000. *Id.* at ¶ 6. Defendant AIL then argues that the amount of wages Plaintiff would have earned between termination and removal of this action is $51,821. *Id.* at ¶ 8. Defendant AIL further argues that the annual value of Plaintiff's medical, dental, and life insurance benefits at the time of her termination was at least $8,499.28, making the total value of her non-wage benefits between her termination and the time of removal at least $12,585.47. *Id.* at ¶¶ 7-8; see *Rivera*

1  v. Costco Wholesale Corp., No. C 08-02202 CW, 2008 U.S.
2  Dist. LEXIS 58610, at *8 (N.D. Cal. July 11, 2008)
3  (including employment benefits in back pay
4  calculations). Accordingly, Defendant AIL argues that
5  the total amount of back pay and benefits Plaintiff
6  would have earned between termination and the time of
7  removal is at least $64,406.47. Id. at ¶ 8; See
8  Vasquez v. Arvato Digital Servs., LLC, No. CV 11-02836
9  RSWL (AJWx), 2011 U.S. Dist. LEXIS 69154, at *8-9 (C.D.
10 Cal. June 27, 2011) (multiplying monthly wages by time
11 between termination and removal to compute lost wages
12 to determine amount in controversy).
13     Moreover, Defendant AIL argues that Plaintiff seeks
14 an undisclosed amount of exemplary damages, emotional
15 distress damages, and attorney's fees, and such
16 categories of recovery count toward the jurisdictional
17 minimum. See Brosnan v. Avildsen, No. C-07-06438 EDL,
18 2008 U.S. Dist. LEXIS 108800, at *5-6 (N.D. Cal. June
19 6, 2008), See also Richmond v. Allstate Ins. Co., 897
20 F. Supp. 447, 450 (S.D. Cal. 1995) (a plaintiff's claim
21 for emotional distress damages may be considered when
22 calculating the amount in controversy). Punitive
23 damages and emotional distress damages in disability
24 discrimination cases can be "substantial" even when
25 lost wages fall short of the jurisdictional minimum.
26 Vasquez, 2011 U.S. Dist LEXIS 69154, at *11. Likewise,
27 litigating a discrimination case "will undoubtedly
28 require substantial effort from counsel" and

1  "attorneys' fees in individual discrimination cases
2  often exceed the damages." Simmons, 209 F. Supp. 2d at
3  1035, Melendez v. HMS Host Family Rests, Inc., No. CV
4  11-3842 ODW (Cwx), 2011 U.S. Dist. LEXIS 95493, at *11
5  (C.D. Cal. Aug. 25, 2011) (in an action for FEHA age
6  and disability discrimination and wrongful termination,
7  "the Court finds reasonable that plaintiff's potential
8  recovery for attorney's fees and punitive damages would
9  be at least $28,000").
10     If Plaintiff's other categories of relief, such as
11 exemplary damages, emotional distress damages, and
12 attorneys' fees have a combined value of more than
13 $10,593.53, then the amount in controversy requirement
14 would me met.  Defendant AIL has sufficiently alleged
15 that these categories of relief, such as attorneys'
16 fees and punitive damages, can be substantial.
17 Accordingly, the Court hereby finds that viewing
18 Plaintiff's compensatory damages, which amounts to
19 about $64,406.47, in combination with exemplary,
20 emotional distress, and attorneys' fees would more
21 likely than not satisfy the jurisdictional minimum.

## IV. CONCLUSION

23     Based on the foregoing, the Court **DENIES**
24 Plaintiff's Motion to Remand.  Although Defendant
25 Latinsky is a resident of California, the Court
26 disregards her citizenship because it finds that she
27 was fraudulently joined.  Thus, the Court hereby finds
28 that complete diversity exists between Plaintiff and

Defendants AIL and Valdez.  Additionally, the Court finds that Defendant AIL has proven by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount.  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand because the Court has subject matter jurisdiction on the basis of diversity.

**IT IS SO ORDERED.**

DATED: October 10, 2013

RONALD S.W. LEW
Hon. Ronald S.W. Lew
Senior U.S. District Judge