1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9       **CENTRAL DISTRICT OF CALIFORNIA**
10
11  Debra Hurd,                        )    2:13-cv-5205-RSWL-MRW
                                       )
12              Plaintiff,             )
                                       )
13      vs.                            )    **AMENDED ORDER re:**
                                       )    **Defendant's Motion for**
14                                     )    **Summary Judgment** [29]
                                       )
15  American Income Life              )
    Insurance,                         )
16                                     )
                                       )
17              Defendant.             )
                                       )
18  _____)

19      Currently before the Court is Defendant's Motion

20  for Summary Judgment [29].  Defendant American Income

21  Life Insurance ("Defendant" or "AIL") moves for summary

22  judgment on all of Plaintiff Debra Hurd's ("Plaintiff")

23  remaining six claims: (1) Discrimination on the Basis

24  of Disability and/or Medical Condition in violation of

25  Cal. Gov't Code § 12940(a); (2) Retaliation for

26  Complaining of Discrimination on the Basis of

27  Disability and/or Medical Condition in violation of

28  Cal. Gov't Code § 12940(h); (3) Failure to Accommodate

                              1

Disability and/or Medical Condition in violation of
Cal. Gov't Code § 12940(m); (4) Failure to Engage in
the Interactive Process in violation of Cal. Gov't Code
§ 12940(n); (5) Wrongful Termination of Employment in
violation of California Public Policy; and (6)
Retaliation for Taking CFRA Leave in violation of Cal.
Gov't Code § 12945.2.  Def.'s Mot. Summ. J. ("Mot.")
1:9-11; Notice of Removal, Ex. A ("Compl."), ECF No. 1.

    The Court, having reviewed all papers submitted
pertaining to this Motion, **NOW FINDS AND RULES AS
FOLLOWS:**  The Court **GRANTS** Defendant's Motion for
Summary Judgment [29].

**I. BACKGROUND**

**A.  Factual Background**

    The Court makes the following findings of fact.

    1.  <u>Parties & Job Description</u>

    Plaintiff is an individual resident of Los Angeles
County, California.  Compl. ¶ 1.  Defendant AIL is a
company incorporated in Indiana with a principal place
of business in Waco, Texas.  Notice of Removal ¶ 9.
Plaintiff was employed by Defendant AIL as a Marketing
Specialist in Public Relations from 2005 to 2012.
Def.'s Resp. to Pl.'s Add'l Material Facts ¶ 1, ECF No.
45-3; Compl. ¶ 10.  The Marketing Specialist position
at American Income Life Insurance Company is described
as a position that "generate[s] leads that will result
in life production for the Company . . . by building
relationships and partnerships through direct personal

2

contact with group prospects, making presentations and
handling any concerns that may arise."  Mot. Summ. J.,
McCandless Decl. ("McCandless Decl."), Ex. C at 85, ECF
No. 29-2.  Plaintiff's position as a Public Relations
Marketing Specialist with AIL required "traveling from
place to place within Southern California to attend
meetings, functions, events, and gatherings of various
groups including . . . union locals for the purpose of
generating leads for the sales of insurance policies to
the groups' memberships"; "direct contact with group
prospects and group policyholders"; "a minimum of 20
sales calls per week," which could "either be scheduled
appointments, drop-bys, or meetings with groups to get
mailings out"; "servicing groups . . ., including
handling of inquiries and complaints, assisting with
death claims, officer report forms, and relationship
building"; "develop[ing], maintain[ing], and grow[ing]
relationships through direct field contact with various
unions . . . associations and community organizations";
"deliver[ing] informational products, giveaway items,
and food"; and "administrative activities incidental to
his or her field sales calls, such as mailings to the
groups to which he or she is assigned and reporting on
his or her activities."  Def.'s Resp. to Pl.'s
Interrogs. 5:12-6:20, ECF No. 29-5; see McCandless
Decl., Ex. C at 85.  In Plaintiff's July 23, 2014
Deposition, Plaintiff agreed to this description of her
AIL job duties.  McCandless Decl., Ex. A at 16-17

("Pl.'s July 23, 2014 Dep." 39:16-40:16).

On May 13, 2013, Plaintiff testified in a deposition that her "job duties" were "[g]oing to unions and nonunion groups to have them participate in insurance" via driving, as well as "visiting them," "doing service calls," and "delivering sometimes food to them for their members."  Mot. Summ. J., Ex. N at 131-32 ("Pl.'s May 13, 2013 Dep." at 27:7-25, 29:1-24); Pl.'s July 23, 2014 Dep. 27:5-29:7 (confirming accuracy of May 13, 2013 deposition testimony).  Plaintiff confirmed in her May 13, 2013 deposition that "most of, if not all of . . . [her] working time was spent on the road," with her in-office time averaging "[m]aybe once a week."  Pl.'s May 13, 2013 Dep. 29:16-22; Pl.'s July 23, 2014 Dep. 29:1-7 (confirming accuracy of May 13, 2013 deposition testimony).  In a July 23, 2014 deposition, Plaintiff explained that her average working day as a Marketing Specialist for AIL required four out of five days on the road from about 6:30 AM to 3:00 PM, which Plaintiff characterized as "a lot of driving every week."  Pl.'s July 23, 2014 Dep. 30:13-33:25, 39:13-15.  Plaintiff's territory included "[a]ll Southern California counties."  Id. at 33:3.

2.  Plaintiff's Injury & Disability Leave

On July 28, 2011, Plaintiff "injured her back on the job after first driving to Buellton on business, then lifting a heavy box," or after reaching into the passenger side of her car for a "thin" folder.  Pl.'s

May 13, 2013 Dep. 21:4-22:2; Compl. ¶ 11 (stating that
the injury was due to lifting a heavy box); Pl.'s July
23, 2014 Dep. 63:5-64:12, 66:23-67:3 (stating that the
injury was due to reaching into the passenger side of
her car for a thin folder, but that the injury could
have been due to lifting a heavy box prior to reaching
for the thin folder); Mot. Summ. J., Ex. P at 142 (in a
worker's compensation claim, stating that the injury
occurred "while loading and unloading product from
vehicle and driving.").

On July 28, 2011, Plaintiff sent AIL a disability
certificate signed by Jay R. Robbins, a chiropractor
who saw and treated Plaintiff after her July 28, 2011
injury.  Pl.'s July 23, 2014 Dep. 68:3-69:5; McCandless
Decl., Ex. X at 189-90 ("Robbins Dep." 13:2-14:2, 23:8-
23); McCandless Decl., Ex. Y (copy of the disability
certificate).  The disability certificate requested
that AIL give Plaintiff a leave of absence for a lower
back injury from July 29, 2011, to August 5, 2011.
Pl.'s July 23, 2014 Dep. 68:3-69:5; Robbins Dep. at
13:2-14:2, 23:8-23; McCandless Decl., Ex. Y.  The
certificate requesting disability leave certified that
Plaintiff was "totally disabled from work."  McCandless
Decl., Ex. Y.  Defendant granted Plaintiff's request
for leave.  Pl.'s July 23, 2014 Dep. 69:1-5.

Plaintiff subsequently submitted doctor's notes to
AIL, and AIL granted Plaintiff three additional periods
of leave, extending Plaintiff's leave to August 29,

2011, then to September 8, 2011, and finally to December 31, 2011. Def.'s Resp. to Pl.'s Statement of Genuine Disputes ¶¶ 15-19, ECF No. 45-2. AIL granted Plaintiff these further disability leaves based on the doctor's notes and medical certifications signed by Vincent Tristan, a physician's assistant ("P.A. Tristan"). Id.; see McCandless Decl., Ex. Z at 194-200 ("Tristan Dep." 9:10-14:21); McCandless Decl., Exs. AA-EE. The medical certifications, signed by both P.A. Tristan and Plaintiff, stated that Plaintiff was unable to perform "work of any kind" and was unable to "perform the functions of [Plaintiff's work] position." Tristan Dep. 9:10-14:21; McCandless Decl., Exs. AA-EE; Def.'s Resp. to Pl.'s Statement of Genuine Disputes ¶ 18; Pl.'s July 23, 2014 Dep. 111:11-112:23.

On October 17, 2011, during Plaintiff's leave, Plaintiff emailed Donna Tucker of AIL's human resources department to ask whether Plaintiff could work from home by "do[ing] any death claims or contacting my groups." Pl.'s July 23, 2014 Dep. 107:25-108:23; McCandless Decl., Ex. K at 125. On October 24, 2011, Tucker responded to Plaintiff and explained that Plaintiff could not do any work from home because Plaintiff's medical certification had "certified [Plaintiff] as unable to perform work of any kind;" Tucker also noted that because the Marketing Specialist position required "physical presence and constant personal networking," Plaintiff's position "simply

[could not] be done from home." McCandless Decl., Ex. K at 125; Pl.'s Dep. 108:24-110:20.

    3. <u>Termination Letter</u>

When Plaintiff requested additional leave through March 12, 2012, AIL responded by notifying Plaintiff by letter dated January 26, 2012, that due to the "increasingly difficult problem" of holding Plaintiff's position open for six months, AIL had "reached the business decision that AIL can no longer keep [Plaintiff's] position open," and that AIL was "terminating" Plaintiff's position "effective today." McCandless Decl., Ex. L at 126-27; Pl.'s July 23, 2014 Dep. 121:22-122:24. AIL hired another individual to fill Plaintiff's Marketing Specialist position on March 5, 2012. Crosby. Decl. ¶ 7, ECF No. 29-7.

    4. <u>Plaintiff's Description of Her Disability</u>

On August 9, 2011, Plaintiff submitted to the California Employment Development Department (CEDD) a disability insurance benefits claim that Plaintiff signed under penalty of perjury. Pl.'s Depo 148:1-21; McCandless Decl., Ex. H at 118-20. In Plaintiff's August 9, 2011 CEDD claim, Plaintiff declared to be unable to perform the following "functions required by [her] occupation" because of her July 2011 injury: "walking," "sitting," "standing," "bending," "kneeling," "twisting," "lifting," "carrying," "driving," "reading," "writing," "typing," "filing," and "concentrating." McCandless Decl., Ex. H at 119;

1   Pl.'s July 23, 2014 Dep. 148:1-16.

2       On October 31, 2012, Plaintiff filed a workers'
3   compensation claim for the July 28, 2011 injury, which
4   she described as "continuous trauma injuring back" that
5   occurred "while loading and unloading product from
6   vehicle and driving."  Pl.'s July 23, 2014 Dep. 145:13-
7   147:17; McCandless Decl., Ex. P at 142.  On May 13,
8   2013, Plaintiff gave deposition testimony in her
9   worker's compensation case that since July 2011, she
10  has experienced "constant" back pain and that even in
11  May 2013, Plaintiff still could not "drive long
12  distances," "sit long" or "do things."  Pl.'s May 13,
13  2013 Dep. 39:23-40:22.

14      In July 2014, Plaintiff testified in her deposition
15  for this case that severe pain in her lower back
16  prevented her from driving and engaging in physical
17  activity during her entire period of leave in 2011.
18  Pl.'s July 23, 2014 Depo 70:3-71:2.  Plaintiff
19  testified that she was unable to "go out in the field"
20  during her leave and would still be unable to "go out
21  in the field" at the time of the July 2014 deposition
22  because her back injury has made her unable to drive.
23  Id. at 158:5-24.  Plaintiff testified that the last
24  time she was employed was in 2011 with AIL and that
25  Plaintiff has since not searched for any work due to
26  her physical condition.  Id. at 14:21-15:4.  Plaintiff
27  testified that her back pain has been "constant" since
28  July 2011.  Id. at 160:11-13.  Plaintiff testified that

8

she was "not able to do the regular duties of PR rep"
during her leave because she was not able to drive long
distances, and that she would still be unable to
perform the regular duties of the Marketing Specialists
because she cannot drive.  Id. at 195:11-20.

**B. Procedural Background**

Plaintiff initially filed this action in California
Superior Court on May 30, 2013.  Notice of Removal ¶ 1,
Ex. A.  Notice of Removal [1] was filed by Defendant on
July 18, 2013.  Plaintiff's Motion to Remand [7] the
case back to state court was denied [15].  Plaintiff's
Complaint named two other defendants, "Elena Altinksy"
and "Rachel Valdez,"[1] and included a Seventh Cause of
Action, all of which were later dismissed with
prejudice.  Dckt. ## 19-22; see Compl. ¶¶ 3-4, 63-67.

Defendant filed the present Motion for Summary
Judgment ("Motion") on September 16, 2014, with the
hearing set for October 28, 2014.  Def.'s Mot. Summ. J.
("Mot."), ECF No. 29.  The Motion was taken under
submission on October 22, 2014.  Dckt. # 46.  Plaintiff
filed her Opposition [33] to Defendant's Motion on
September 30, 2014.  Defendant filed its Reply [45] on
October 14, 2014.

### II. LEGAL STANDARD

Federal courts sitting in diversity "apply state
substantive law and federal procedural law."  Snead v.

---

[1] The names "Elana Altinksy" and "Rachel Valdez" were
incorrect names.  Notice of Removal ¶ 3.

Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1090 (9th Cir. 2001) (internal quotation marks omitted) (citing Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426 (1996)).  Federal Rule of Civil Procedure 56 states that a "court shall grant summary judgment" when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Under Federal Rule of Civil Procedure 56, the party moving for summary judgment has the initial burden of proof to show "no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  The burden then shifts to the non-moving party to produce admissible evidence showing a triable issue of fact.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000); see Fed. R. Civ. P. 56(a).  When a defendant moves for summary judgment, summary judgment "is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial."  Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III. ANALYSIS

**A.  First Cause of Action: Discrimination on the Basis of Disability and/or Medical Condition in violation of FEHA (Cal. Gov't Code § 12940(a))**

Under California's Fair Employment and Housing Act

(FEHA), it is an "unlawful employment practice" for an employer, because of physical disability or medical condition, "to discharge the person from employment" or "discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).  FEHA "does not prohibit an employer from refusing to hire or discharging an employee" with a physical disability or a medical condition where the employee, because of her physical disability or medical condition, "is unable to perform his or her essential duties even with reasonable accommodations."  Cal. Gov't Code § 12940(a)(1)-(2).

To "prevail on a discriminatory discharge claim under section 12940(a), an employee bears the burden of showing (1) that he or she was discharged because of a disability, and (2) that he or she could perform the essential functions of the job with or without accommodation (in the parlance of the [ADA], that he or she is a qualified individual . . . .)."  Liu v. City & Cnty. of San Francisco, 150 Cal. Rptr. 3d 385, 392 (Cal. Ct. App. 2012).  The California Supreme Court held in 2007 that a plaintiff bringing a Disability Discrimination claim under FEHA must prove that he or she was a "qualified individual."  Green v. State, 165 P.3d 118, 119 (Cal. 2007).  A "qualified individual" is an individual who "can perform the essential functions of the job with or without reasonable accommodation."  Lui, 150 Cal. Rptr. 3d at 394; see also Kelley v.

<u>Corrections Corp. of Am.</u>, 750 F. Supp. 2d 1132, 1139 (E.D. Cal. 2010).  Thus, "[a]n employer is not liable for discharging an employee with a disability unless the employee was able to perform the essential functions of his or her job with or without accommodation."  <u>Nadaf-Rahrov v. Neiman Marcus Grp., Inc.</u>, 83 Cal. Rptr. 3d 190, 211 (Cal. Ct. App. 2008).

California courts use the <u>McDonnell Douglas</u> burden-shifting test when analyzing discrimination claims under FEHA.  <u>Earl v. Nielsen Media Research, Inc.</u>, 658 F.3d 1108, 1112 (9th Cir. 2011) (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) and <u>Guz v. Bechtel Nat'l, Inc.</u>, 8 P.3d 1089, 1113 (Cal. 2000)). "Under the three-part <u>McDonnell Douglas</u> test, the plaintiff bears the initial burden of establishing a prima facie case of employment discrimination"; then, once the plaintiff has done so, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions."  <u>Earl</u>, 658 F.3d at 1112.  If the employer "articulates a legitimate reason, the plaintiff must raise a triable issue that the employer's proffered reason is pretext for unlawful discrimination," but the "ultimate burden of persuasion remains with the plaintiff."  <u>Id.</u>

Not only has Plaintiff failed to provide evidence showing she was a "qualified individual," Plaintiff's own testimony proves that she was *not* a "qualified individual."  Plaintiff testified that she agreed that

AIL's description of the essential duties of her job included "traveling from place to place within Southern California to attend meetings, functions, events, and gatherings of various groups," "direct contact with group prospects and group policyholders," "a minimum of 20 sales calls per week," the duty to "develop, maintain, and grow relationships through direct field contact with various [customer groups," and "deliver[ing] informational products, giveaway items, and food."  Pl.'s July 23, 2014 Dep. 39:22-40:16; Def.'s Resps. to Pl.'s Interrogatories 5:12-6:20. Plaintiff testified that her position with AIL required that "a lot of driving" and that most of her working time be "on the road."  Pl.'s July 23, 2014 Dep. 30:2-33:25, 39:13-15.  Plaintiff stated that her job duties also included carrying her "computer, files, [and] materials" from her car to the meeting locations. Pl.'s July 23, 2014 Dep. 27:5-28:25, 30:25-33:15. Plaintiff testified that her AIL position required a "lot of driving every week."  Id. at 39:13-15.

    1.  Without Accommodation

    Plaintiff's own testimony establishes that driving was an essential duty of Plaintiff's position with AIL. Plaintiff testified that from her July 2011 injury to at least the date of her July 2014 deposition, Plaintiff was unable to drive.  Pl.'s July 23, 2013 Dep. 14:21-15:4, 70:3-71:2, 158:13-24, 195:11-196:4. Thus, Plaintiff's own testimony proves that at the time

AIL fired her, she was unable to perform the "essential functions" of her job without accommodation.  See Nadaf-Rahrov, 83 Cal. Rptr. 3d at 211.  Plaintiff's subsequent Declaration, attached to her Opposition to Defendant's Motion for Summary Judgment, directly contradicts Plaintiff's prior sworn testimony and is self-seeking.  See Pl.'s Decl. ¶ 16, ECF No. 38. Plaintiff cannot create a genuine issue of material fact by directly contradicting her prior sworn testimony.  Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1225 (9th Cir. 2005) ("Under our 'sham' affidavit rule, 'a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.'").

    2.  With Accommodation

    Plaintiff requested two accommodations: working from home and an extended disability leave through March 12, 2012.  On October 17, 2011, Plaintiff emailed AIL's human resources representative, Donna Tucker, to ask whether Plaintiff could "do any death claims" or contact any of her groups from home while she was on leave.  Pl.'s July 23, 2014 Dep. 107:25-108:23; McCandless Decl., Ex. K at 125.  AIL denied this accommodation; Donna Tucker from AIL's human resources responded to Plaintiff and stated that Plaintiff's position could not be performed from home because Plaintiff's medical certification did not allow her to do work of any kind and because Plaintiff's position

14

with AIL required "physical presence and constant personal networking."  Pl.'s Dep. 108:24-110:20; McCandless Decl., Ex. K at 125.  Plaintiff signed the two medical certifications that stated she was "unable to perform work of any kind" and to perform the functions of her position.  McCandless Decl., Exs. AA-EE; Pl.'s July 23, 2014 Dep. 111:11-112:23.

Though Plaintiff seemed to be communicating to AIL that she was able to work from home to some extent, this falls short of showing that Plaintiff was able to perform the *essential functions* of her position with an accommodation.  See Nadaf-Rahrov, 83 Cal. Rptr. 3d at 211.  The essential functions of Plaintiff's position included driving, walking, and carrying materials, all of which Plaintiff testified she was unable to do while she was on leave.  See Pl.'s July 23, 2013 Dep. 14:21-15:4, 70:3-71:2, 111:11-112:23, 158:13-24, 195:11-196:4.  Even if AIL had granted Plaintiff's requested accommodation to work from home, Plaintiff still would not have been able to perform the essential functions of her position.

Plaintiff also requested the accommodation of an extended disability leave into March 12, 2012.  The doctor's note requesting leave into March 2012 stated only, "Please continue disability until March 12, 2012."  McCandless Decl., Ex. FF.  AIL had previously received two medical certifications from Plaintiff, both of which were signed by Plaintiff and stated that

Plaintiff was unable to perform "work of any kind" and unable to perform the functions of Plaintiff's position.  McCandless Decl., Exs. AA, DD; <u>see</u> Pl.'s July 23, 2014 Dep. 111:4-112:23, 246:25-247:24; Tristan Dep. 9:10-10:13.  Plaintiff testified that not only would she not have been able to drive or engage in physical activity in March 2012, but that she has been unable to drive since the July 2011 injury to at least the July 2014 date of her deposition related to this Action.  Pl.'s July 23, 2014 Dep. 158:5-24.  Because driving was an essential function of Plaintiff's position with AIL, Plaintiff has not shown that her requested accommodation—extended leave into March 2012—would have enabled her to "perform the essential functions" of her position with AIL.  <u>See</u> <u>Nadaf-Rahrov</u>, 83 Cal. Rptr. 3d at 211.  Because Plaintiff has failed to show that she was a "qualified individual," Defendant is entitled to summary judgment on this claim.  <u>See</u> <u>Cleveland</u>, 526 U.S. at 805-06.

**B.  Second Cause of Action: Retaliation for Complaining of Discrimination on the Basis of Disability and/or Medical Condition in violation of FEHA (Cal. Gov't Code § 12940(h))**

FEHA makes it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any

proceeding under this part." Cal. Gov't Code §§
12940(h)).  To establish a prima facie case of
retaliation under FEHA, a plaintiff must show "(1) he
or she engaged in a 'protected activity,' (2) the
employer subjected the employee to an adverse
employment action, and (3) a causal link existed
between the protected activity and the employer's
action." <u>Scotch v. Art Inst. of Cal.-Orange Cnty.,
Inc.</u>, 93 Cal. Rptr. 3d 338, 366 (Cal. Ct. App. 2009)
(internal quotation marks omitted).

   "Protected activity" is when an employee "has
complained of or opposed conduct that the employee
reasonably believes" is discriminatory, even if the
conduct is not actually prohibited by the FEHA.
<u>Yanowitz v. L'Oreal USA, Inc.</u>, 116 P.3d 1123, 1131
(Cal. 2005).  While protected activity can "take many
forms," "an employee's inarticulate belief that an
employer is engaging in discrimination will not suffice
to establish protected conduct . . . where there is no
evidence the employer knew that the employee's
opposition was based upon a reasonable belief that the
employer was engaging in discrimination." <u>Id.</u> at 1130,
1133.  Requests for accommodation, without more, are
not "protected activity." <u>Rope v. Auto-Chlor Sys. of
Wash., Inc.</u>, 163 Cal. Rptr. 3d 392, 407 (Cal. Ct. App.
2013).  A causal link does not exist unless the
employer "knew the employee was engaged in activities

in opposition to the employer at the time of the alleged retaliation." <u>Rope</u>, 163 Cal. Rptr. 3d at 408.

Plaintiff fails to provide any evidence that she "engaged in protected activity," as there is no evidence that Plaintiff complained of or in any way opposed discriminatory conduct by AIL prior to AIL firing her. <u>See</u> Opp'n 18:25-20:17. Plaintiff's mere requests for accommodations and requests for disability leave, without more, are not "protected activity." <u>See</u> <u>Rope</u>, 163 Cal. Rptr. 3d at 407. Plaintiff also fails to show a causal link, as there is no evidence that AIL was aware of any opposition by Plaintiff at the time AIL fired Plaintiff. <u>Rope</u>, 163 Cal. Rptr. 3d at 408. Thus, Defendant is entitled to summary judgment on this claim. <u>See</u> <u>Cleveland</u>, 526 U.S. at 805-06.

**C.   Third Cause of Action: Failure to Accommodate Disability and/or Medical Condition in violation of FEHA (Cal. Gov't Code § 12940(m))**

The elements of a failure to accommodate claim are "(1) the plaintiff has a disability under FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." <u>McCarthy v. R.J. Reynolds Tobacco Co.</u>, 819 F. Supp. 2d 923 (E.D. Cal. 2011) (citing <u>Scotch</u>, 93 Cal. Rptr. 3d 338). A "reasonable accommodation" is "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job

held or desired." <u>Scotch</u>, 93 Cal. Rptr. 3d at 358 (internal quotation marks omitted).  An employer must make a reasonable accommodation for a disabled employee "unless the employer can demonstrate that doing so would impose an 'undue hardship.'" <u>Spitzer v. The Good Guys, Inc.</u>, 96 Cal. Rptr. 2d 236 (Cal. Ct. App. 2000). While a reasonable accommodation "might include reassignment if a vacant position [is] open; the employer [is] not required . . . to create a new position." <u>Scotch</u>, 93 Cal. Rptr. 3d at 359.  A proposed accommodation is "not reasonable" if "it is not a 'modification or adjustment to the workplace' necessary to enable [the plaintiff] to perform the essential functions of his position." <u>Id.</u> at 360; <u>see</u> <u>Nadaf-Rahrov</u>, 83 Cal. Rptr. 3d at 210, 212-13 ("[A]n employee's ability to perform the essential functions of a job is a prerequisite to liability under section 12940(m)").

As discussed above, Plaintiff has failed to show she was a "qualified individual."  Because Plaintiff cannot prove she was a "qualified individual," her claim for Failure to Accommodate fails, and Defendant is entitled to summary judgment on this claim.  <u>See</u> <u>Cleveland</u>, 526 U.S. at 805–06.

**D.  Fourth Cause of Action: Failure to Engage in the Interactive Process in violation of FEHA (Cal. Gov't Code § 12940(n))**

FEHA makes it unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."  Cal. Gov't Code § 12940(n).  "[S]ection 12940(n) imposes liability only if a reasonable accommodation was possible," and "the burden of proving the availability of a reasonable accommodation rests on the employee."  Nadaf-Rahrov, 83 Cal. Rptr. 3d at 216, 218.

Here, Plaintiff has not asserted that an alternative position with AIL existed, nor has Plaintiff shown that any requested accommodation would have enabled her to perform the essential functions of the position she sought to perform with AIL.  Scotch, 93 Cal. Rptr. 3d at 359.  Because Plaintiff has not shown that a reasonable accommodation was possible, AIL cannot be held liable for failure to engage in the interactive process.  Nadaf-Rahrov, 83 Cal. Rptr. 3d at 216, 218.  "[A]n employer's duty to engage in an interactive process to identify a reasonable accommodation (as described in the EEOC's interpretive guidance,[1] which has been affirmed by the California

---

[1] "As a reasonable accommodation, an employer or other covered entity shall ascertain through the interactive process suitable alternate, vacant positions and offer an employee such positions, for which the employee is qualified . . . ."  Cal. Code Regs.

Legislature) extends only to accommodations that would enable the employee to perform the essential functions of the position." <u>Id.</u> at 211.  Thus, Defendant is entitled to summary judgment on this claim.  <u>See</u> <u>Cleveland</u>, 526 U.S. at 805–06.

**E.   Fifth Cause of Action: Wrongful Termination of Employment in violation of California Public Policy, based on Plaintiff's claim for Discrimination on the Basis of Disability and/or Medical Condition in violation of FEHA**

To "recover in tort for wrongful discharge in violation of public policy, the plaintiff must show the employer violated a public policy affecting 'society at large,'" and the "policy at issue must be substantial, fundamental, and grounded in a statutory or constitutional provision." <u>Holmes v. Gen. Dynamics Corp.</u>, 22 Cal. Rptr. 2d 172, 176 (Cal. Ct. Capp. 1993). The plaintiff bears the burden of "identifying the specific statute(s) or constitutional provision(s)" on which the plaintiff bases her public policy claim.  <u>Day v. Sears Holdings Corp.</u>, 930 F. Supp. 2d 1146, 1189 (C.D. Cal. 2013).  If the statutory or constitutional claims underlying a plaintiff's public policy claim fail, the plaintiff's public policy also fails.  <u>Id.</u> at

tit. 2 § 11068(d)(1); <u>Capote v. CSK Auto, Inc.</u>, No. 12-cv-02958-JST, 2014 WL 1614340, at *10 (N.D. Cal. Apr. 22, 2014).

1191-92; see Hanson v. Lucky Stores, Inc., 87 Cal. Rptr. 2d 487 (Cal. Ct. App. 1999).

Because, as discussed above and below, all of Plaintiff's statutory (FEHA and CFRA) claims fail, Plaintiff's claim for Wrongful Termination in violation of California Public Policy also fails.  Hanson, 87 Cal. Rptr. 2d at 496-97.  Defendant is entitled to summary judgment on this claim.  See Cleveland, 526 U.S. at 805-06.

**F.   Sixth Cause of Action: Retaliation for Taking CFRA Leave in violation of the California Family Rights Act (CFRA) (Cal. Gov't Code 12945.2)**

Under the CFRA, it is unlawful for an employer "to refuse to grant a request" for CFRA leave made by an eligible employee for a qualifying reason.  Cal. Gov't Code § 12945.2(a); Jadwin v. Cnty. of Kern, 610 F. Supp. 2d 1129, 1175 (E.D. Cal. 2009).  A prima facie showing of Retaliation for Taking CFRA Leave requires proof that: "(1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff suffered an adverse employment action, such as termination . . . because of her exercise of her right to CFRA leave." Dudley v. Dep't of Transp., 108 Cal. Rptr. 2d 739 (Cal. Ct. App. 2001).  It is not unlawful under the CFRA for an employer to refuse to grant a request for medical leave by an employee "if the employer employs less than 50

employees within 75 miles of the worksite where that employee is employed." Cal. Gov't Code § 12945.2(b).

Here, Plaintiff has not rebutted Defendant's evidence that AIL had no more than twelve employees during Plaintiff's leave and at the time AIL fired Plaintiff. Thus, Plaintiff cannot show that Defendant was "an employer covered by the CFRA," nor that she was an "employee eligible to take CFRA leave." Dudley, 108 Cal. Rptr. 2d at 744; Cal. Gov't Code § 12945.2(b). Because Plaintiff fails to state a prima facie case of Retaliation for Taking CFRA Leave, Defendant is entitled to summary judgment on this claim. See Cleveland, 526 U.S. at 805-06.

**G.   Punitive Damages**

Defendant requested the Court to rule on the issue of whether Plaintiff was entitled to recover punitive damages, Mot. P&A 24:3-25:4, but because all of Plaintiff's claims fail, this issue is moot.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment [29].


**IT IS SO ORDERED.**

DATED: November 20, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28